**James H. STREET, Plaintiff,**

v.

**Harry HUGE, Trustee, C.W. Davis, Trustee, and Paul R. Dean, Trustee, United Mine Workers of America Health and Retirement Funds, Defendants.**

Civ. A. No. 74–0258–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Jan. 25, 1983.

Z. Dale Christian, Bluefield, Va., for plaintiff.

E. Calvin Golumbic, William F. Hanrahan, U.M.W.A., Joanne B. Erde, Washington, D.C., Stuart B. Campbell, Jr., Wytheville, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is presently before the Court on plaintiff's and defendants' Cross Motions for Summary Judgment. Plaintiff, James H. Street, brings this action against the Trustees of the United Mine Workers of America Health and Retirement Funds seeking to establish entitlement to disability pension benefits under the United Mine Workers of America 1950 Pension Trust. Jurisdiction derives from § 301(a) of the Labor Management Relations Act, Title 29 U.S.C. § 185(a). *Gordon v. ILWU–PMA Benefit Funds,* 616 F.2d 433 (9th Cir.1980).

### I.

Plaintiff, James H. Street, is a former mine worker covered by the 1950 Pension Trust of the United Mine Workers of America. In 1949, the plaintiff was forced to retire for reasons of health (not related to his work) after working over twenty years in the coal mining industry. The plaintiff initially applied for a service pension on March 12, 1958. The application was reviewed under the terms of Resolution 30 of the UMWA Welfare and Retirement Fund of 1950. Resolution 30 requires that the applicant have twenty years of classified service within the thirty year period immediately preceding the date of application. The examiner determined that the plaintiff only had fifteen and one-half years of classified service within the thirty years preceding the date of the application for pension benefits. Therefore, the application was denied.

On March 15, 1973, the 1950 Fund re-examined plaintiff's file to determine whether he qualified for a pension under revised eligibility rules adopted in settlement of several class actions brought by retired and disabled miners who had been denied pensions under the 20-out-of-30 rule. Under the settlement, retired miners were entitled to receive a pension if they had worked twenty years in classified service, including five years in classified service with a signatory employer after May 28, 1946. Disabled miners who could not satisfy the five year signatory service requirement could nevertheless receive a pension if they could establish twenty years of classified service, including some signatory service and could also establish that their disabilities were a direct result of coal industry service. Settlement Agreement of January 2, 1973, *Blankenship v. UMWA Welfare and Retirement Fund of 1950,* consolidated Civil Action Nos. 2186–69 and 2350–69 (D.D.C.).

Upon re-examination of plaintiff's file, the 1950 Fund found that plaintiff had a total of eighteen and one-half years of classified service, including two and one-fourth years of signatory service. The plaintiff was notified that he did not qualify for a pension under the *Blankenship* Agreement.

On December 6, 1974, the UMWA and the Bituminous Coal Operators Association, Inc. executed the National Bituminous Coal

Agreement of 1974 ("Wage Agreement"). In that Wage Agreement, the parties renamed the 1950 Fund as the UMWA 1950 Pension Trust and amended the terms of the 1950 Fund by substituting the terms of the 1950 Pension Trust and the UMWA 1950 Pension Plan. The 1950 Pension Plan provided, *inter alia,* that miners eligible to receive a pension under the eligibility rules of the 1950 Fund would be eligible to receive from the 1950 Pension Trust.

Plaintiff brought this action on October 18, 1974, alleging that the denial of his pension was arbitrary and capricious. By Order dated December 7, 1976, this Court remanded the case to the UMWA 1950 Pension Plan to conduct a hearing on plaintiff's claim that he was entitled to additional service credit. After a hearing, the hearing officer found that Street was entitled to additional credit for the period 1916 through 1926, and awarded him a total of twenty-nine and one-half years of credit. Plaintiff conceded that he last worked in the coal industry in 1949 and was entitled to only the two and one-fourth years of signatory credit already reflected in his file. Accordingly, the hearing officer denied the application for lack of the five years of signatory service required under the *Blankenship* Agreement. However, because plaintiff stated during the hearing that he had ceased work in 1949 because of his physical condition, the hearing officer invited him to submit evidence of disability. Plaintiff did not pursue this suggestion at that time.

On July 16, 1980, this Court held a hearing on the parties' Cross-Motions for Summary Judgment. On January 23, 1981, the Court issued a *Memorandum Opinion* in which the Court noted that in his Motion for Summary Judgment, plaintiff claimed that, "due to an illness unrelated to his coal mine employment" he was forced to cease work in the coal industry in 1949. He also claimed that, at that time, he satisfied all of the existing pension eligibility requirements, except for age. The Court observed that these claims were not supported by the record, but if they were proven, then the Trustees may have acted unreasonably by applying a later-adopted eligibility rule like the 20-out-of-30 rule to deny plaintiff's application. Accordingly, the Court remanded the case for further consideration.

Pursuant to the Order of remand, the Trustees of the 1950 Pension Trust conducted an administrative hearing to develop a foundation for plaintiff's claims. At this hearing, the hearing officer determined that plaintiff ceased work in the coal industry on June 15, 1949, at age 51. At that time, pension eligibility was governed by Resolutions 8 and 20 of the UMWA Welfare and Retirement Fund of 1947. Under these Resolutions, a miner was eligible for a pension if, *inter alia,* he had twenty years of coal industry service and had attained, or thereafter attained, age sixty-two. The hearing officer, therefore, found that Street would have been eligible for a pension in 1949, except for his age. Plaintiff also submitted medical evidence relating to his disability claim. This evidence was examined by defendants' medical consultants who found that the plaintiff ceased work due to arthritis and hypertensive cardiovascular disease, and that these conditions were not attributable to plaintiff's coal industry service. On this record, the hearing officer denied plaintiff's application. Plaintiff was so notified by letter dated August 27, 1981.

## II.

The plaintiff alleges that at the time of his retirement, he met all of the requirements necessary for receipt of pension benefits except age. He alleges that he was fifty-one years of age at the time of retirement, and that to receive benefits under the Pension Plan, a claimant had to be sixty-five years of age or older, although the minimum retirement age was later reduced to sixty. By the time plaintiff had reached the age of sixty and applied for benefits, defendants had promulgated a resolution which required an applicant to have worked in the mines for at least twenty of the thirty years immediately preceding the date of application. Plaintiff maintains that the application of this rule in his case was arbitrary and capricious.

The defendants submit that their acts are not arbitrary and capricious and the court lacks authority to review these procedures under the United States Supreme Court case of *United Mine Workers of America Health and Retirement Funds, et al. v. Gracie Robinson and Juanita Hager, etc.,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982). In *Robinson,* the Court of Appeals found that eligibility rules set forth by a collective-bargaining agreement must meet a reasonableness standard under § 302(c)(5) of the Labor Management Relations Act of 1947. The United States Supreme Court granted certiorari to decide whether § 302(c)(5) authorizes federal courts to review for reasonableness the provisions of a collective bargaining agreement allocating health benefits among potential beneficiaries of an employee benefits trust fund. The eligibility requirements in *Robinson* were hotly debated throughout the negotiation process culminating in a compromise between the UMWA and the Bituminous Coal Operators Association. The eligibility requirements developed in the compromise were set forth in the 1974 collective-bargaining agreement. The Supreme Court in *Robinson* held:

> Section 302(c)(5) plainly does not impose the Court of Appeals' reasonableness requirement, and respondents do not offer any alternative federal law to sustain the Court's holding. There is no general requirement that the complex schedule of the various employee benefits must withstand judicial review under an undefined standard of reasonableness .... [W]hen neither the collective bargaining process nor its end product violates any command of Congress, a Federal Court has no authority to modify the substantive terms of a collective bargaining contract.

However, the Supreme Court distinguishes those cases where eligibility rules have arisen from a bargaining agreement and those cases where the Trustees of the Fund create eligibility rules. In the latter case, the Court points out that a fiduciary relationship exists and the Court quotes *Kosty v. Lewis,* stating:

> [T]he Trustees, like all fiduciaries, are subject to judicial correction in a proper case upon a showing that they have acted arbitrarily or capriciously towards one of the persons to whom their trust obligations run.

*Kosty v. Lewis,* 319 F.2d 744, 747 (CADC 1963), *cert. denied,* 375 U.S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414 (1964). Under § 302(c)(5) of the Labor Management Relations Act of 1947, the Supreme Court determines that judicial review for reasonableness is not appropriate for eligibility rules arising out of a collective agreement; but that Trustees' actions may be reviewed as to their fiduciary obligations running to the recipients of the Trust.

This court finds that the eligibility requirements objected to by the plaintiff as arbitrary and capricious were promulgated by the Trustees of the Fund and not by a collective bargaining agreement. The changes made by the National Bituminous Coal Wage Agreement of 1974 were, at best, only rearrangements of rules promulgated by the Trustees. The agreement did not bind Trustees by rules developed during the bargaining process, as in *Robinson,* but only extended, renamed or rearranged rules previously promulgated by the Trustees.

The plaintiff submits that the case of *Valle v. Joint Plumbing Industry Board* outlines the test for arbitrary and capricious eligibility requirements as follows:

> In determining whether the particular application of a new eligibility requirement was arbitrary and capricious, a number of factors should be considered. They include the extent to which the applicant was an intended beneficiary of the plan, the extent to which the amendment retroactively strips the beneficiary of significant service credit, the extent to which the trustees have notified the employee of these and other changes in rules, and the extent to which there is actuarial justification for denying benefits in the particular case.

*Valle v. Joint Plumbing Industry Board,* 623 F.2d 196, 203 (2d Cir.1980).

This court focuses on the third and fourth phase of the *Valle* test concerning notice as to changes in rules, and whether there is actuarial justification for denying benefits. The actuarial and notice questions are addressed in *Blankenship v. UMWA Welfare and Retirement Fund of 1950,* consolidated Civil Action Nos. 2186–69 and 2350–69 (D.D.C.) where a class action suit was brought by miners who had been denied pensions by the 20-out-of-30 rule, similar to the plaintiff. The *Blankenship* agreement allows a miner to qualify for a pension if he had twenty years of classified service, including five years of signatory service ("Test I") or if he had twenty years of service, some signatory service and was disabled through industry-related causes ("Test II").

The District of Columbia District Court, in discussing how the agreement was made, stated:

> The present judgment was achieved after the Trustees had commissioned and received detailed actuarial studies and pension advice and had had the opportunity to appraise the effect of new investments, policies and other factors. Plaintiffs were given access to this data and were able to confirm their general accuracy and import. The settlement reflected in the judgment while not wholly satisfactory in all details to either party compromised no fundamental principles and was unopposed after its terms had been widely publicized under notices that have generated more than 60,000 written communications to the Fund. *Supra* at page 2.

The District of Columbia District Court goes further to explain the establishment of the five years of signatory service stating:

> In establishing a requirement of five years of signatory service for miners to qualify under the Order, the Court has sought to preserve the financial integrity of the Fund as a whole. Any lesser number of years would financially embarrass, if not bankrupt, the Fund, and in this connection, it is significant that out of ninety-seven multi-employer pension plans analyzed, the years of service required for normal pensions are, in almost all instances, substantially more than five years. *Supra* at page 2.

The District of Columbia District Court found that the two tests of the *Blankenship Agreement* were not arbitrary and capricious. Therefore, this court is obliged to follow that ruling and because the plaintiff does not meet either *Blankenship* test, his pension must be denied.

An appropriate Order will be issued.